UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

NINTH AMENDMENT PARTY
ASSOCIATION, MILTON
GERARD ESQUIBEL and
MILTON GERARD ESQUIBEL,
UNA,

    Plaintiffs,

v.                                                      Case No.:   2:23-cv-830-SPC-NPM

KEVIN RAMBOSK, CLOVIS
WATSON, JR. , SCOTTY
RHODEN, TOMMY FORD,
GORDON SMITH, WAYNE IVEY,
GREGORY TONY, GLEN H.
KIMBREL, BILL PRUMMELL,
MIKE PRENDERGAST,
MICHELLE COOK, MARK
HUNTER, JAMES POTTER,
DARBY BUTLER, T.K. WATERS,
CHIP SIMMONS, RICK STALY,
A.J. SMITH, MORRIS YOUNG,
BOBBY SCHULTZ, DAVE
HARDIN, MIKE HARRISON,
HARRELL REID, VENT
CRAWFORD, STEVE WHIDDEN,
AL NIENHAUS, PAUL
BLACKMAN, CHAD
CHRONISTER, JOHN TATE,
ERIC FLOWERS, DONNIE
EDENFIELD, MAC MCNEILL,
BRIAN LAMB, PEYTON
GRINNELL, CARMINE
MARCENO, WALT MCNEIL,
BOBBY MCCALLUM, BUDDY
MONEY, DAVID HARPER, RICK
WELLS, BILLY WOODS,

WILLIAM SNYDER, ALFREDO
RAMIREZ, RICK RAMSEY, BILL
LEEPER, ERIC ADEN, NOEL
STEPHEN, JOHN MINA,
MARCOS LOPEZ, RIC
BRADSHAW, CHRIS NOCCO,
BOB GUALTIERI, GRADY JUDD,
GATOR DELOACH, ROBERT
JOHNSON, KURT A. HOFFMAN,
DENNIS LEMMA, ROB
HARDWICK, KEN MASCARA,
BILL FARMER, SAM ST. JOHN,
WAYNE PADGETT, BRAD
WHITEHEAD, MICHAEL
CHITWOOD, JARED MILLER,
MIKE ADKINSON, KEVIN
CREWS and GARY L. HOWZE,

        Defendants.
_____/

## OPINION AND ORDER

Before the Court is pro se Plaintiff Ninth Amendment Party Association and Plaintiff Milton Gerard Esquibel's Amended Complaint. (Doc. 4). For the following reasons, the Court dismisses Plaintiffs' Amended Complaint without prejudice.

## BACKGROUND

The Court is clear on Esquibel's background. Esquibel is a "man created in Gods [sic] image, born alive, on the soil, in the third dimension and beyond the sea of the family." (Doc. 4 at 3). He is "a Live Natural flesh and-blood; Almighty God-created private American sui juris sentient being; and an

2

Ambassador of God Almighty Domiciled in Florida Republic and on religious sojourn through the UNITED STATES." (Doc. 4 at 19). He believes that "[a]ll codes, rules, and regulations are for government authorities only, not; man/woman Creators in accord with God's laws." (Doc. 4 at 23). In other words, Esquibel is a sovereign citizen.[1]

As best the Court can tell, Esquibel was pulled over by a deputy of the Collier County Sheriff's Office on April 26, 2022, and again by an officer of Florida Highway Patrol on June 21, 2023—both times for illegal window tint on his vehicle. (Doc. 4 at 5). During the latter incident, someone named "Peters"—who is not a named defendant—refused to "get[] a supervisor prior to the conclusion of the stop as requested," followed Esquibel after the stop, and "abused" him "with physical force violating his right to free speech, throwing him against his Automobile and cuffing him for no lawful reason stating he was resisting." (Doc. 4 at 17).

From there, clarity deteriorates. Esquibel names 68 defendants and alleges diverse perceived slights. General topics in the Amended Complaint include: (1) violations of the "rights of self determination status of every living man and woman by forced contractual agreements," (2) the "commercial

---

[1] *See generally,* Caesar Kalinowski IV, *A Legal Response to the Sovereign Citizen Movement,* 80 Mont. L. Rev. 153, 171, 176-77, 180 (2019) (discussing sovereign citizens' belief that "a state, as an artificial person created by the People, cannot rule over them as sovereigns," sovereign citizens' disbelief in traffic laws and their belief in the "the right not to be stopped," and the importance of the UCC to sovereign citizens).

servitus" created by requiring licensure to drive (and related violations of Oaths of Office by enforcing licensure requirements), (3) the use of "forged commercial names" on driver's licenses (because the names are written in capital letters), (4) the lack of constitutional authority "to force a victimless crime into a commercial venue," and (5) a "manifest tendency" of "sheriffs, deputies, and Florida Highway Patrol and Miami/Dade Police" to "subvert the Rights and guaranteed constitutional secured liberties of the men and women on the land within the original state of Florida." (Doc. 4 at 4-22). Aside from the partially-identified "Peters," only two individuals are named in the body of the Amended Complaint—Defendants Kevin Rambrosk and Gary Howze. Both have allegedly "[v]iolated UCC filings multiple times against [Esquibel]." (Doc. 4 at 33).

And perhaps because Esquibel believes that "there are no Judicial courts in America and have not been since 1789," he closes his Amended Complaint with a prayer for relief not to the Court but to "Great Father, Great Mother, and Great Spirit of all Truths." (Doc. 4 at 21, 34). He requests that these entities "[l]ook kindly toward those men and women of government who have violated your laws of man and woman." (Doc. 4 at 34).

Unsurprisingly, this is not Esquibel's first time in court. *See Esquibel v. Idaho*, No. 1:11-cv-00606-BLW, 2012 U.S. Dist. LEXIS 56948 (D. Idaho Apr. 23, 2012); *Citizens of Idaho v. Idaho*, No. 1:11-cv-620-ELJ-LMB, 2012 U.S.

4

Dist. LEXIS 127800 (D. Idaho Aug. 15, 2012) (adopted by *Citizens of Idaho v. Idaho*, 2012 U.S. Dist. LEXIS 127799 (D. Idaho Sept. 7, 2012)). In *Citizens of Idaho,* Esquibel's complaint was dismissed because he did not "allege any specific actions undertaken by any of the named Defendants to support [his] conclusory statements." 2012 U.S. Dist. LEXIS 127800, at *11. He was also cautioned that "[t]he conclusory statement of violation of a statute is not sufficient to state a claim for relief that is 'plausible on its face.'" *Citizens of Idaho*, 2012 U.S. Dist. LEXIS 127800, at *12.

## LEGAL STANDARD

A complaint must recite "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). This requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

To survive dismissal, a complaint must allege "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal,* 556 U.S. at 678. Bare "labels and conclusions, and a formulaic recitation of the elements of a cause of action" do not suffice. *Twombly,* 550 U.S. at 555. A district court should dismiss a claim when a party does not plead facts that make the claim facially plausible. *See Twombly,* 550 U.S. at 570. A claim is

facially plausible when a court can draw a reasonable inference, based on the facts pled, that the opposing party is liable for the alleged misconduct. *See Iqbal*, 556 U.S. at 678. This plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 557 (internal quotations omitted)).

When considering dismissal, courts must accept all factual allegations in the complaint as true and draw all reasonable inferences in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). But acceptance of a complaint's allegations is limited to well-pled allegations. *See La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004) (internal citations omitted).

Courts must liberally construe pro se filings and hold them to less stringent standards than papers drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Liberal reading may require a court to "look beyond the labels used in a pro se party's complaint and focus on the content and substance of the allegations" to determine whether a cognizable remedy is available. *Torres v. Miami-Dade Cnty., Fla.*, 734 F. App'x 688, 691 (11th Cir. 2018). But courts cannot act as counsel for plaintiffs or rewrite pleadings. *United States v. Cordero*, 7 F.4th 1058, 1068 n.11 (11th Cir. 2021). And it is "not the Court's duty to search through a plaintiff's filings to find or construct a pleading that satisfies Rule 8." *Navarro v. City of Riviera Beach*, 192 F. Supp.

6

3d 1353, 1360 (S.D. Fla. 2016) (quoting *Sanders v. United States*, No. 1:08-CV-0190-JTC, 2009 WL 1241636, at *3 (N.D. Ga. Jan. 23, 2009)).

## DISCUSSION

As explained below, Esquibel's Amended Complaint is a shotgun pleading that fails to adequately state claims. It is also unclear that he has standing to assert many of his claims.

Shotgun pleadings violate Fed. R. Civ. P. 8 because they "fail to . . . give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." The Eleventh Circuit has little tolerance for shotgun pleadings. *See generally Jackson v. Bank of Am.*, 898 F.3d 1348, 1357 (11th Cir. 2018) (detailing the "unacceptable consequences of shotgun pleading"); *Cramer v. Fla.*, 117 F.3d 1258, 1263 (11th Cir. 1997) ("Shotgun pleadings . . . exact an intolerable toll on the trial court's docket"). A district court has the "inherent authority to control its docket and ensure the prompt resolution of lawsuits," which includes the ability to dismiss a complaint on shotgun pleading grounds. *Weiland*, 792 F.3d at 1320. When a pro se plaintiff files a shotgun pleading, the court "should strike the [pleading] and instruct [plaintiff] to replead the case." *Byrne v. Nezhat*, 261 F.3d 1075, 1133 n.113 (11th Cir. 2001) (quoting *Cramer*, 117 F.3d at 1263).

Esquibel's Amended Complaint falls into several shotgun pleading categories. First, it contains "conclusory, vague, and immaterial facts not

obviously connected to any particular cause of action." *Weiland*, 792 F.3d at 1321-23. This Amended Complaint is very short on relevant facts, but also replete with facts that appear unrelated to Esquibel's causes of action. For example, he discusses his publication of a "notice of schedule of fees" and a "UCC filing in Colorado." (Doc. 4 at 3, 6). He also provides a dissertation concerning the purported illegality of the Florida Department of Highway Safety and Motor Vehicles converting his "true name" to a "forged commercial name" by writing it in capital letters. (Doc. 4 at 7-8, 26, 30) ("Once the citation is created it utilizes PARSE-SYNTAX-GRAMMAR and Fraud through CAPITALIZATION OF True Name"). Presumably to bolster his argument, he includes an unhelpful anecdote regarding the Idaho Transportation Department's reason for capitalizing names on driver's licenses. (Doc. 4 at 24-25).

Relatedly, the Amended Complaint is as long on irrelevant law as it is short on relevant facts. Esquibel discusses the Uniform Commercial Code (UCC) throughout his Amended Complaint, which governs commercial transactions and has no bearing on any of Esquibel's claims. *See, e.g.*, (Doc. 4 at 17) ("FLORIDA HIGHWAY PATROL AGENT violated the UCC rights by not looking at the official paperwork of the UCC Filing denying the copy of Doctors [sic] report stating condition of Plaintiff"). And he claims "disabled/handicapped status under 42 USC 126 . . . the government is

8

obligated in 42 USC 12182 to make efforts to eliminate communication barriers that hinder the handicapped." (Doc. 4 at 29-30). The alleged basis for his disability is that "[t]he organizational structure of the system, the false statements and false papers are designed to place men and women at a legal disability." (Doc. 4 at 29).

And perhaps most notably, Esquibel provides the following paragraph, ignoring the Idaho District Court's admonition in *Citizens of Idaho* about conclusory statements of violations of statutes:

> The SHERIFF(S), FLORIDA HIGHWAY PATROL, MIAMI/DADE POLICE current system is determining jurisdiction under a commercial entity, they are committing 42 USC 1981 – violation of contract, 42 USC 1985(3) – Deprivation of our Rights. Therefore, they are violating 18 USC 1961 – Racketeering activity, for their 42 USC 1985(2) – Obstruction of Justice, therefore causing Personal Injury, under 42 USC 1983 Note 39 – Civil Deprivation of Rights, under 42 USC 1983, Note 319 and Note 337 – Custom & Policy under their 18 USC 241 – Conspiracy, under the Color of Law, causing the 18 USC 242 – Criminal Deprivation of the Rights, and 18 USC 872 – Collusion/Coercion, for the 18 USC Ch.73:§: 1512 – Criminal Obstruction of the Justice, thus leading to; 28 USC 1359 – Loss of the; Jurisdiction by their Collusion, all while operating under the 4 USC – Desecration of the flag . . . "

(Doc. 4 at 31).

This paragraph is not only an improper laundry list of statutes unconnected to facts, but it also lists criminal statutes for which there are no

9

private causes of action. *See generally Bass Angler Sportsman Soc'y v. U.S. Steel Corp.*, 324 F. Supp. 412, 415 (S.D. Ala. 1971) (citing *United States v. Claflin*, 97 U.S. 546 (1878); *Helvering v. Mitchell,* 303 U.S. 391 (1938); *Lipke v. Lederer,* 259 U.S. 557 (1922)) ("[C]riminal statutes cannot be enforced by civil actions"). Criminal statutes are enforceable by governments, not individual citizens. *Id.* at 415.[2]

Esquibel's Amended Complaint also fails on other shotgun pleading grounds. His Amended Complaint does not "separat[e] into a different count each cause of action or claim for relief." *Weiland,* 792 F.3d at 1322. For example, Esquibel discusses his "claims" regarding the capitalization of names on licenses in paragraphs 1, 2, 10, 18, 20, and 26 of his Amended Complaint. As shown by the numbers listed, he sprinkled related "facts" throughout the Amended Complaint. And Esquibel does not organize his Amended Complaint by claims for relief either. In paragraph 1, he alleges "violations of Monopoly, Fraud, Racketeering, Threat, Coercion, Deception, or Attempted Deception by any; Principal or Agent Coercing or Attempted Coercion of the Trustee/Secured . . . a Deprivation of Constructional Right . . . Violation of a Civil Right/Privilege or Immunity . . . An Act or Omission required or limited by the duty(ies) of Office as prescribed by Florida CODE with specific Performance . . . [and] a

---

[2] Esquibel cites additional criminal statutes throughout his Amended Complaint. (Doc. 4 at 3, 5, 12).

UCC violation of Trust Private Security Agreement." (Doc. 4 at 7). In paragraph 2, he cites many of the same "claims for relief," but adds "Attempted Deception by any Officer of the Court." (Doc. 4 at 8). And in paragraph 10, he cites many of the same "claims for relief," but adds "Violation of Trust Private Security Agreement under Restraint and or Distraint . . . Violation of Right to Freedom of Speech . . . [and] Unlawful Distraint, Unlawful Detainer." (Doc. 4 at 18).

Esquibel's Amended Complaint also fails to connect claims for relief to a factual basis. For instance, paragraph 11 has no underlying facts at all but merely states something about Esquibel holding a trust. (Doc. 4 at 18-19). At the close of the paragraph, he lists various "causes of action" against Florida Highway Patrol. (Doc. 4 at 19). Nothing links Florida Highway Patrol to Esquibel's trust.

Esquibel also commits the "sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Weiland*, 792 F.3d at 1323. In the case caption, Esquibel names 68 defendants. (Doc. 4 at 1). It is unclear which "claim" matches which defendant.

Conspicuously missing from the Amended Complaint is an explanation of what action(s) each one of the named Defendants took in relation to these

11

"violations." In fact, only two of the Defendants—Rambrosk and Howze—are mentioned in the body of the Amended Complaint. Both allegedly "[v]iolated UCC filings multiple times against [Esquibel]." (Doc. 4 at 33). That sentence is the only sentence in the Amended Complaint that connects a "cause of action" to a named Defendant. This leaves Defendants guessing which Defendants' alleged misconduct gives rise to each cause of action. *See Veltmann v. Walpole Pharmacy, Inc.*, 928 F. Supp. 1161, 1164 (M.D. Fla. 1996) (dismissal appropriate when plaintiff's complaint made general allegations against all of the named defendants, making it "virtually impossible to ascertain . . . which defendant committed which alleged act").

And though shotgun pleading is sufficient grounds to dismiss this Amended Complaint, the Court also notes that many of Esquibel's claims likely lack standing. Standing requires three basic elements: (1) "an invasion of a legally protected interest which is concrete and particularized," (2) "a causal connection between the injury and the conduct complained of," and (3) an injury that will likely be redressed by a favorable decision. *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560-61 (1992).

Esquibel makes no effort to assert that he or his organization's members have suffered injury to a concrete and particularized protected interest (rather than a hypothetical or conjectural interest). Nor does he assert that there is a traceable connection between Defendants' actions and his injury, or that the

injury suffered will be redressed by a favorable decision. At the pleading stage, the burden for Esquibel to establish standing is not high. *Lujan*, 504 U.S. at 561. Still, his current claims are way off the mark.

Esquibel does not clearly distinguish between claims brought by the Ninth Amendment Party Association and those brought in his personal capacity.[3] He also purports to bring some claims on behalf of "every living man and woman" or "Ninth Amendment Party Association members and non-members." (Doc. 4 at 4, 7, 12-13, 32). His standing to do so is unclear. And secondly, even when construed liberally, Esquibel has stated perhaps one claim involving a legally protected interest—but he does not tie that claim to any named Defendant. So Esquibel is currently far from establishing standing.

Because Esquibel is pro se, the Court will give him leave to amend his Amended Complaint. "In dismissing a shotgun complaint for noncompliance with Rule 8(a), a district court must give the plaintiff 'one chance to remedy such deficiencies.'" *Jackson v. Bank of Am.*, 898 F.3d 1348, 1358 (11th Cir. 2018) (quoting *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018)). However, Esquibel is cautioned that sovereign citizen theories have been consistently rejected by federal courts, including the Eleventh Circuit.[4]

---

[3] To further complicate matters, Esquibel appears to believe that "Milton Gerard Esquibel, man" and "Milton Gerard Esquibel, entity" are distinguishable.

[4] *See, e.g.*, *United States v. Sterling,* 738 F.3d 228 n.1 (11th Cir. 2013) ("The phrases Sterling repeated are often used by so-called 'sovereign citizens,' who believe they are not subject to the jurisdiction of the courts . . . Courts have been confronted repeatedly by their attempts to

Accordingly, it is now

**ORDERED:**

Plaintiff Esquibel's Amended Complaint (Doc. 4) is **DISMISSED without prejudice**. Plaintiff may file an amended complaint on or before November 15, 2023. **Failure to file an amended complaint will result in the Court closing this case without further order/notice**.

**DONE** and **ORDERED** in Fort Myers, Florida on October 27, 2023.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record

---

delay judicial proceedings and have summarily rejected their legal theories as frivolous"); *Henry v. Fernandez-Rundle*, 773 F. App'x 596, 597 (11th Cir. 2019) (finding frivolous Appellant's argument that "his 1994 Florida conviction is invalid because the state, as a 'corporate entity,' lacked subject matter jurisdiction over him, a 'flesh and blood man'"); *United States v. Benabe*, 654 F.3d 753, 767 (7th Cir. 2011) (stating that sovereign citizen theories "should be rejected summarily, however they are presented").

14